# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

DAVID L. DEARING,
          Plaintiff,

vs.

L. EAGAN, *et al.*,
          Defendants.

Case No. 2:17-cv-02754-GMN-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1), COMPLAINT (EFC NO. 1-1), AND REQUEST TO SUBMIT REPORT (ECF NO. 5)

Before the Court are Plaintiff David Dearing's application to proceed *in forma pauperis* (ECF No. 1), complaint (ECF No. 1-1), and request to file his inmate balance history report (ECF No. 5). For the reasons discussed below, Plaintiff's *in forma pauperis* application and request to file his report are granted. The Court, however, orders that Plaintiff's complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

**I.  Plaintiff May Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Plaintiff's affidavit, he is currently unemployed and incarcerated. (ECF No. 1 at 1, 4). Plaintiff submitted a copy of his inmate balance history report to show that he cannot afford to pay fees in this case. (ECF No. 5). Therefore, Plaintiff's application to proceed

1

*in forma pauperis* (ECF No. 1) and request to file his inmate balance history report (ECF No. 5) are granted.

## II.    Section 1915(e) Screening

Because the Court grants Plaintiff's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). If the factual allegations, which are accepted as true, "do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's case centers around an incident on July 5, 2015. Plaintiff alleges Las Vegas Metropolitan Police Officers Eagan and Ahlin knowingly and willingly took a false police report accusing Plaintiff of having a physical altercation with his ex-girlfriend on that date. (ECF No. 1-1 at 2-5, 20-22). The police report attached to the complaint was not signed by either officer, and Plaintiff argues the report contains several inaccurate pieces of information provided by the ex-girlfriend. (*Id.*). Supervising Officer Perry also failed to sign the police report. (*Id.* at 6). Plaintiff was arrested in Elko on August 28, 2015

2

and transported to Clark County on September 3, 2015. (*Id.* at 3). Plaintiff argues the lack of signatures "makes [his] arrest a[] false arrest." (*Id.* at 4, 6).

On October 16, 2017, Plaintiff sent a letter to Sheriff Lombardo arguing that the case against him was "fabricated." (ECF No. 1-1 at 10-13). Attached were several Statements of Fact Plaintiff wanted the involved officers to sign to attest that the facts as presented by Plaintiff were correct. (*Id.* at 14-16). Plaintiff did not receive a response, and he subsequently filed his complaint on October 31, 2017. (*Id.* at 1-2). Plaintiff brings a 42 U.S.C. § 1983 action against Officers Eagan, Ahlin, and Perry and Sheriff Lombardo alleging his rights under 28 U.S.C. § 1746 and the Fifth, Fourth, Eighth, and Fourteenth Amendments have been violated. (*Id.* at 1, 4-6).

**A. Laws Cited as Bases for Plaintiff's Claims**

"The district Courts shall have original jurisdiction of all civil actions arising under the Constitution, Laws, or treaties of the United States. 28 U.S.C. § 1331. Because Plaintiffs' complaint cites several portions of the Constitution and a federal law, the Court has jurisdiction over this case. In Nevada, the applicable statute of limitations for 42 U.S.C. § 1983 claims is two years. Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam); *Abram v. City of Reno*, No. 315-cv-00029-MMD-WGC, 2015 WL 5829886, at *3 (D. Nev. Oct. 6, 2015).

Plaintiff asserts Officers Eagan, Ahlin, and Perry have violated 28 U.S.C. § 1746 related to their "unsworn declarations under penalty of perjury." (ECF No. 1-1 at 4-6). 28 U.S.C. § 1746 does not support any claim for damages. The statute simply provides the format a sworn declaration may take; it does not state that the failure to sign a document may be the basis for a suit. Therefore, the Court orders that any claims based on "unsworn declarations under penalty of perjury" be dismissed without prejudice. Should Plaintiff find a statute that creates a cause of action for the alleged acts of the Officers, Plaintiff may amend these claims.

3

Plaintiff also argues Officers Eagan, Ahlin, and Perry have violated the Fifth and Fourteenth Amendments through their "deliberate indifference." (ECF No. 1-1 at 4-6). The Fifth Amendment does not apply in this case because it applies solely to actions by the federal government, and Plaintiff does not allege that any Defendant is a federal actor. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). The Fourteenth Amendment provides that states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. While Plaintiff's complaint contains allegations relating to a potential Fourteenth Amendment due process violation, these claims appear to fall outside the two-year statute of limitations.

"[D]amages for [a false arrest] claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Abram v. City of Reno*, 2015 WL 5829886, at *6 (*quoting Wallace v. Kato,* 549 U.S. 384, 389 (2007)). Plaintiff's case centers around the allegation that he suffered a false arrest (ECF No. 1-1 at 2, 4, 6), so the statute of limitations began to run when he was arraigned or there was an issuance of process. The complaint does not state when Plaintiff was arraigned, but the date of arrest in August 2015 indicates that it likely took place more than two years before this action was commenced, which would mean this case is time-barred. Therefore, the Court orders that any claims based on due process violations be dismissed without prejudice. If Plaintiff files an amended complaint, he must provide more information regarding the timing of his arraignment and detention.

Finally, Plaintiff alleges Officers Eagan, Ahlin, and Perry have violated the Fourth and Eighth Amendments. (ECF No. 1-1 at 4-6). However, Plaintiff is not clear on how his factual allegations relate to these amendments. Plaintiff fails to state whether he is asserting his right "against unreasonable searches and seizures" has been violated or if he believes a warrant was issued without probable cause.

4

U.S. CONST. amend. IV.  Plaintiff also does not state how he believes that he has faced "cruel and unusual punishments" (beyond the potential due process violation that has already been discussed).  U.S. CONST. amend. VIII.  Therefore, the Court orders that any claims based on the Fourth and Eighth Amendments be dismissed without prejudice.   Plaintiff must provide more information, and take into account the two-year statute of limitations, should he wish to pursue these claims in an amended complaint.

**B. Defendants Listed in Plaintiff's Complaint**

Though the Court has dismissed each of Plaintiff's claims with leave to amend, the Court will also provide further guidance to Plaintiff regarding the Defendants in this case.  Plaintiff's complaint states he is suing Officers Eagan, Ahlin, and Perry in both their individual and official capacity.  (ECF No. 1-1 at 2). Plaintiff also names Sheriff Lombardo as a defendant, but does not list any claims against him.  (*Id.*).

Plaintiff has failed to allege facts necessary to bring claims against Officers Eagan, Ahlin, and Perry in their official capacities.  "To state a claim under § 1983 against state officials in their individual capacities, a plaintiff must plead that the officials, 'acting under color of state law, caused the deprivation of a federal right.'"  *OSU Student All. v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) (*quoting Suever v. Connell,* 579 F.3d 1047, 1060 (9th Cir. 2009)).  Plaintiff's complaint shows that the officers were acting under the color of state law when they allegedly deprived Plaintiff of his rights.  However, "[o]fficial-capacity suits are another way of pleading an action against an entity of which an officer is an agent. To establish the liability of a governmental entity under § 1983, the plaintiff must show the entity itself was a moving force behind the constitutional violation." *Tate v. Univ. Med. Ctr. of S. Nev.*, 637 F. Supp. 2d 892, 896 (D. Nev. 2009) (internal citations omitted).  Plaintiff has failed to allege that Las Vegas Metropolitan Department was related to the allegations in this case.  Should Plaintiff seek to pursue his official capacity claims in an amended complaint, he must include more information regarding the entity's involvement.

Plaintiff fails to assert that Sheriff Lombardo played any part in the allegedly false arrest at issue in this case. It appears that Sheriff Lombardo is listed as a defendant because he did not respond to a letter Plaintiff sent, and Plaintiff wishes to use this lack of response as "an admission [that] the allegation pertaining [to a] false arrest is true." (ECF No. 1-1 at 2). The Federal Rules of Civil Procedure dealing with default (*see* Fed. R. Civ. P. 55) apply once a case has been filed. As no case had been filed at the time of Plaintiff's letter, the rules on default do not apply to Sheriff Lombardo's failure to respond. Should Plaintiff seek to pursue a claim against Sheriff Lombardo in an amended complaint, Plaintiff must provide allegations connecting Sheriff Lombardo to the alleged false arrest.

The Court previously sealed Plaintiff's complaint due to the inclusion of confidential information. (ECF No. 4). Should Plaintiff file an amended complaint, Plaintiff must follow the directions in Fed. R. Civ. P. 5.2(d) regarding what information must be redacted.

ACCORDINGLY, and for good cause,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request to submit a copy of his inmate balance history report (ECF No. 5) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1) under seal.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until December 29, 2017 to file an amended complaint addressing the issues discussed above. Failure to timely file a second amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a second amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the second amended complaint. The Court will issue a screening order on the second amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 21st day of November, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE