**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DAVID L. DEARING,<br>              Plaintiff,<br>vs.<br>L. EAGAN, *et al.*,<br>              Defendants. | Case No. 2:17-cv-02754-GMN-VCF<br><br>**ORDER**<br><br>AMENDED COMPLAINT [EFC NO. 9] |

The Court previously granted Plaintiff David Dearing's motion to proceed *in forma pauperis* and dismissed his complaint with leave to amend. (ECF No. 6). Before the Court is Plaintiff's Amended Complaint. (ECF No. 9). For the reasons discussed below, Plaintiff's Amended Complaint is dismissed without prejudice.

## DISCUSSION

Because the Court granted Plaintiff's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**I.    Jurisdiction**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[I]n any civil action of which

1

the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

In describing how each Defendant was acting under color of law, Plaintiff lists several sections of the Nevada Revised Statutes. (ECF No. 9 at 2-3). Violations of these statutes do not pose a federal question and cannot form a basis for the Court to find it has original jurisdiction in this matter. In addition, "obstruction of justice" is generally used to describe a criminal act (*see* 18 U.S.C. § 1503), and the criminal provisions describing obstruction "provide no basis for civil liberty." *Albanese v. Fed. Bureau of Investigation*, No. 2:17-cv-01599-JAD-VCF, 2017 WL 2838246, at *3 n.3 (D. Nev. June 29, 2017), *report and recommendation adopted,* No. 2:17-cv-01599-JAD-VCF, 2017 WL 3191504 (D. Nev. July 27, 2017).

To determine whether the Court has jurisdiction in this case, the Court must first determine whether Plaintiff's Amended Complaint states any claims under the U.S. Constitution or federal law. Only then would the Court address claims under the Nevada Revised Statues under a supplemental jurisdiction analysis.

**II.     Count 1**

Plaintiff alleges that Officers Eagan and Ahlin violated the Fourth Amendment by "interfering with a criminal investigation." (ECF No. 9 at 4). Though the Count is difficult to follow, it appears Plaintiff is arguing that by allowing Ms. Hebert to sign a fictitious name to a voluntary statement accusing Plaintiff of domestic violence, the Officers allowed Hebert to impede the investigation into her own criminal conduct. (*Id.*).

Count 1 does not state a claim under the Fourth Amendment. Even if the Court were to accept that the Officers were complicit in obstructing the criminal investigation into Hebert, it has no impact on Plaintiff's due process rights. Therefore, Count 1 must be dismissed.

## III. Count 2

Plaintiff alleges that Officers Eagan, Ahlin, and Perry submitted a false complaint against Plaintiff. (*Id.* at 5). Plaintiff also asserts that Sheriff Lombardo did not respond to a letter from Plaintiff regarding his arrest. (*Id.* at 5-6).

It is unclear from the Amended Complaint how the Officers or Sheriff Lombardo would be responsible for a false complaint. Any misrepresentations would have come from Hebert, not the Officers. Hebert is not a state actor. Plaintiff briefly alleges that the Officers had reason to believe Hebert signed her statement with a fictitious name (*Id.* at 4), but that would not lead the Officers to know that Hebert's allegations against Plaintiff were false. In addition, Plaintiff has failed to show that Sheriff Lombardo has any duty to answer letters from individuals charged with crimes. Therefore, Count 2 must be dismissed.

## IV. Count 3

Plaintiff alleges his Fifth Amendment rights were violated by being punished twice for the same offenses. (ECF No. 9 at 6). After Plaintiff served six months, he was re-arrested and served another six months for failing to "complete his classes." (*Id.*). Plaintiff argues the maximum sentence he could serve for his conviction was six months under NRS 200.485(1)(a). (ECF No. 9 at 6).

Plaintiff was not punished twice for the same offenses. It appears that his second imprisonment was due to his failure to follow the Court's order to attend certain classes, which is mandated under NRS 200.485(4)(a). An individual is guilty of a misdemeanor when he is willfully disobedient to the lawful mandate of a court. NRS 199.340(4). Therefore, Count 3 must be dismissed.

///

///

///

**V.     Count 4**

Count 4 is a malicious prosecution[1] claim against District Attorney Luzaich, who prosecuted Plaintiff. (ECF No. 9 at 7-9). However, "prosecutors have long been immune from liability based on their decision to initiate a prosecution." *Abram v. City of Reno*, No. 3:15-cv-00029-MMD-WGC, 2015 WL 5829886, at *3 (D. Nev. Oct. 6, 2015). The actions Plaintiff describes in Count 4, such as retracting a plea deal offer, choosing which charges to bring, and objecting to evidence, fall within the prosecutorial role and are covered by immunity. Therefore, Count 4 must be dismissed.

Each of Plaintiff's Counts must be dismissed for failing to state a claim. However, the deficiencies noted by the Court, particularly in Count 2, may be cured by amendment. Therefore, Plaintiff's Amended Complaint will be dismissed without prejudice.

ACCORDINGLY, and for good cause,

IT IS ORDERED that Plaintiff's Amended Complaint (ECF No. 9) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until January 18, 2019 to file a Second Amended Complaint addressing the issues discussed above. Failure to timely file a Second Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a Second Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the second amended complaint. The Court will issue a screening order on the Second Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff also cites the First, Fourth, Sixth, Eighth, and Fourteenth Amendments in this claim (ECF No. 9 at 7-8), but he does not explain how the Amendments relate to his allegations.

4

**NOTICE**

Pursuant to Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 12th day of December, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE